IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATHAN A. DAVIS, | |
| Petitioner, *pro se*, | |
| v. | Crim. No. **PJM 16-248**<br>Civil No. **PJM 19-339** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

### MEMORANDUM OPINION

Petitioner Nathan A. Davis has filed a *pro se* Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 290. For the reasons set forth below, the Court **GRANTS** the Motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2016, the Grand Jury for the District of Maryland indicted Davis and four co-defendants on five counts: (1) Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846; (2) Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); (3) Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(o); (4) Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); (5) Felon in Possession of Firearms and Ammunition, 18 U.S.C. § 922(g)(1). ECF No. 56. Represented by counsel John McKenna, Davis pleaded not guilty to all five counts. ECF No. 62.

On August 12, 2016, the Government provided notice to the Court and Davis that it would seek enhanced penalties pursuant to 21 U.S.C. § 851(a) as to Davis. ECF No. 79. Enhancements

1

were predicated on Davis's prior felony drug offenses in Circuit Court of Arlington County, Virginia (Possession with Intent to Distribute Cocaine) and Circuit Court of Prince George's County, Maryland (Possession with Intent to Distribute Marijuana). *Id.*

The Government offered a Rule 11(C)(1)(C) plea agreement, which Davis agreed to and signed on December 22, 2016. ECF No. 169. The agreement stipulated Davis would plead guilty to Counts 1 and 3 of the indictment. *Id.* In addition, Davis knowingly waived his right to appeal his conviction under 28 U.S.C. § 1291 and his right to appeal the sentence so long as it was within the agreed-upon range of 144-180 months of imprisonment for Count 1 and a concurrent 120-month sentence for Count 3. *Id.* The Court accepted this plea on January 3, 2017 at Davis's re-arraignment hearing. ECF No. 294-2 at 39:6-8.

The Court sentenced Davis to 162 months as to Count 1 and 120 months as to Count 3, to run concurrent with the sentence as to Count 1. ECF No. 231. Davis's total term was to run concurrent to a four-year sentence imposed on December 1, 2017 in Arlington County Circuit Court. *Id.* at 2. The Court ordered eight years of supervised release as to Count 1 and three years of supervised release as to Count 3, to be served concurrently. *Id.* at 3. The Court also imposed a Special Assessment of $200.00. *Id.* at 4. Counts 2, 4, and 5 of the Indictment were dismissed. *Id.* at 1.

On December 18, 2018, Davis moved for an extension of time to file a § 2255 motion, ECF No. 276, which the Court granted on December 20, 2018. ECF No. 277. Davis timely filed his § 2255 motion on February 8, 2019. ECF No. 290. The Government responded in Opposition to Davis's § 2255 motion on April 29, 2019. ECF No. 294. Davis replied to the Government's Response in Opposition on May 28, 2019. ECF No. 295.

## II.  ANALYSIS

A defendant may raise an ineffective assistance of counsel claim for failure to file an appeal after clear instruction to do so even if he or she waived the right to appeal the conviction or within-guidelines sentence. *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019). The *Strickland v. Washington*, 466 U.S. 668 (1984) standard governs ineffective assistance of counsel claims. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). *Strickland* requires the defendant to demonstrate both that counsel's performance "fell below an objective standard of reasonableness," and that the defendant suffered prejudice as a result of counsel's deficient performance. *Flores-Ortega*, 528 U.S. at 476-77. When defense counsel fails to file a notice of appeal after being unequivocally instructed to do so, prejudice is presumed because such failure denies the defendant any appellate avenue. *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007). Counsel should file an appeal when instructed even if he or she believes the claim lacks merit. *United States v. Peak*, 992 F.3d 39, 42-43 (4th Cir. 1993). Ambiguity in the record concerning the clarity of the defendant's instruction may be resolved at an evidentiary hearing. *Poindexter*, 492 F.3d at 272.

As such, though Davis waived his right to challenge his conviction and a within-guidelines sentence in his plea agreement, he may raise a claim that his counsel, McKenna, failed to file an appeal at Davis's clear direction. Davis's § 2255 motion raises such a claim. He alleges that he specifically instructed McKenna to file an appeal, but McKenna did not do so. The Government attached an affidavit signed by McKenna to its response, in which McKenna states there was communication between McKenna, Davis, and Davis's family regarding the case, but that an appeal was not discussed, and that his files do not indicate a request for an appeal. The affidavit further states that, had Davis asked McKenna to file an appeal, he would have advised Davis that

3

such an appeal "would be a waste of time." Davis's instruction places a duty on McKenna to file an appeal regardless of the merits of Davis's purported claim.

The Court also finds an evidentiary hearing unnecessary to resolve the discrepancy between Davis and McKenna's allegations. Proceeding as such respects the appellate process and preserves efficiency within the Court. *McGriff v. United States*, No. 13-2021, 2014 WL 1125374, at *2 (D.Md. Mar. 19, 2014); *Jones v. United States*, No. 07-2927, 2010 WL 1663320, at *2 (D.Md. Apr. 22, 2010). It is appropriate to vacate the judgment and enter a new judgment from which an appeal can be taken. The new judgment will be identical in all respects to the original judgment, except for the date of entry.

### III. CONCLUSION

For the foregoing reasons, the Court **VACATES** Davis's judgment and the Clerk will be ordered to enter an identical judgment from which Petitioner may appeal.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**February 26, 2020**